BOSSERT et al. v. DHUY et al.

(Supreme Court, Appellate Division, Second Department.   November 27, 1914.)

Appeal from Special Term, Kings County.

Action by Louis Bossert and John Bossert, copartners, against Frederick Dhuy and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

See, also, 151 N. Y. Supp. 877.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

PER CURIAM. Judgment affirmed, with costs, upon the authority of Bossert v. Dhuy, 151 N. Y. Supp. 877, decided herewith, and Newton Co. v. Erickson, 70 Misc. Rep. 291, 126 N. Y. Supp. 949, affirmed 144 App. Div. 939, 129 N. Y. Supp. 1111.

---

ALBRO J. NEWTON CO. v. ERICKSON et al.

(Supreme Court, Appellate Division, Second Department.   November 27, 1914.)

Appeal from Special Term, Kings County.

Action by the Albro J. Newton Company against Henry Erickson and others. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 150 N. Y. Supp. 1073.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

PER CURIAM. Judgment affirmed, with costs, upon the authority of Bossert v. Dhuy, 151 N. Y. Supp. 877, decided herewith.

---

MILES MFG. CO. v. NORTH GERMAN LLOYD S. S. CO.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

1. CARRIERS (§ 83*)—DELIVERY OF GOODS—SURRENDER OF BILL OF LADING.
    A steamship bill of lading to the shipper's order, covering transportation to the port of Genoa and providing for notification to B., further provided that the bill of lading duly indorsed should be given to the steamer's agent in exchange for a delivery order.   After the steamer sailed, the shipper wrote the steamship company that the consignment should have been addressed to a point 300 miles from Genoa, at which the steamship did not touch, and requesting that the company should ship the goods to that address "with the least possible delay and expense." The steamship company accordingly delivered the shipment to a railroad company for transportation to such point without the surrender of the bill of lading, which two months after such letter was written was still held by the shipper, and the railroad company delivered the goods without the surrender of the bill of lading. B. failed to pay a draft drawn by the shipper for the purchase price. Held, that the shipper's letter to the steamship company asked it to do something which it was in no way obligated to do, and was wholly inconsistent with the clause in the bill of lading requiring its delivery to the steamer's agent in exchange for a delivery order.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    151 N.Y.S.—56

or was at least ambiguous and capable of being so interpreted, and hence the steamship company, which forwarded the shipment as the shipper's agent without compensation, was not liable for failing to require the surrender of the bill of lading.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 308–315; Dec. Dig. § 83.*]

2. PRINCIPAL AND AGENT (§ 136*)—LIABILITY—AMBIGUOUS INSTRUCTIONS.

An agent cannot be held liable for the ambiguous instructions of his principal when he acts in good faith, particularly where the agency is undertaken without any consideration.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Miles Manufacturing Company against the North German Lloyd Steamship Company, tried before the court without a jury on an agreed stipulation as to the facts. From a judgment for plaintiff for $98.52, defendant appeals. Reversed, and judgment directed for defendant.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Choate, Larocque & Mitchell, of New York City (William R. Bayes and Nelson Shipman, both of New York City, of counsel), for appellant.

Isaac N. Miller, of New York City (Jacob Landy, of New York City, of counsel), for respondent.

SHEARN, J. [1] The action is brought to recover damages for breach of contract. The contract is a bill of lading calling for the shipment of goods from the port of New York to be delivered "at the port of Genoa unto order or to his or their assigns." The margin of the bill of lading contained the following statement:

"Party to be notified: Quirino Borelli Ortona, Sardinia.

"N. B.—When goods are shipped 'to order' it is desirable to have the above information."

The bill of lading also contained the provision:

"It is mutually agreed: * * * 17. That this bill of lading, duly indorsed, be given to the steamer's agent in exchange for a delivery order."

Two weeks after the steamer sailed, the shipper wrote the steamship company that the consignment should have been addressed, "Ortona a Mare, Province of Chieti," and said:

"I wish that you would kindly instruct your agents abroad to ship these goods to the address as corrected with the least possible delay and expense."

Defendant's steamships do not touch Ortona a Mare, and the distance by rail between that place and Genoa is about 300 miles. On receipt of the letter, defendant mailed same to its agents at Genoa, who forwarded the goods by rail to Borelli at Ortona a Mare, taking therefor from the railroad a receipt without requiring the surrender

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the original bill of lading, and upon arrival of the goods at destination the railroad delivered same to Borelli without the surrender of the bill of lading. The shipper drew a draft on Borelli for $84.11, the balance of the purchase price, but the draft was not paid.

The bill of lading was an "order" or negotiable bill of lading, which merely required the defendant to carry the goods to Genoa, the end of its route and place of final destination, and there deliver them "unto order" of the shipper; that is to say, to such person as might present the bill of lading there duly indorsed. If Borelli, the party named in the bill of lading as the one to be notified of the arrival of the goods, became the holder of the bill of lading, he could only require delivery at the place of destination mentioned in the bill of lading, Genoa, and he was bound to take the goods there and ship them to his own address at his own expense. Neither he nor the consignor could require the defendant to do this under the terms of the bill of lading.

The subsequent request of the shipper by his letter of September 23, 1912, requesting defendant to ship the goods "with the least possible delay" and expense to Borelli's corrected address, 300 miles beyond the agreed place of destination, was not only something that defendant was in no way obligated to do, but was wholly inconsistent with the "order" bill of lading and outside of its terms, and was contradictory of and canceled the clause in the bill of lading requiring that the original, duly indorsed, be given to the steamer's agent in exchange for a delivery order.

In fact, although the shipper had made the written request that the goods be forwarded from Genoa to Borelli's corrected address "with the least possible delay" and expense on September 23, 1912, *the original bill of lading was held by the shipper in New York as late as November 22, 1912.* For the defendant to have awaited the arrival of the original bill of lading before delivering the goods to the railroad for shipment to Borelli would have involved two months' delay and the expense of storage for that period. Certainly this was inconsistent with the shipper's request to forward the goods from Genoa to Borelli's corrected address with the "least possible delay" and expense.

[2] The shipper's instructions are at least capable of being interpreted as waiving the clause in the bill of lading requiring the defendant to keep the goods at Genoa until the bill of lading was presented. An agent cannot be held liable for the ambiguous instructions of his principal, when he acts in good faith, particularly where the agency is undertaken without any consideration. In forwarding the goods beyond the agreed destination, without waiting for the bill of lading, the defendant acted at the shipper's request, as the shipper's agent, solely for his accommodation, and complied with the shipper's request in good faith, as the request might fairly be interpreted, and in so doing was guilty of no breach of contract.

Judgment reversed, with costs, with the direction that judgment be entered for the defendant on the stipulated facts, with costs. All concur.